File No.: 12415-002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Bankruptcy Case No. 25-22656 GLT |
| | : | |
| Kooser Farms, LLC, | : | Document No. |
| | : | |
| Debtor. | : | |
| | : | |

# CHAPTER 12 PLAN DATED DECEMBER 31, 2025

I. PLAN FUNDING

    A.    Debtor Corporation will make plan payments as follows: $564,000.00 over 60 months starting December 2025. Payments will be made monthly throughout the plan term from trucking income with annual payments at the beginning of each year from the fall/winter harvest/grain sale profits and an annual payment each spring from the sale of beef.

    B.    Debtor Corporation will devote income from its future farm operations and assets to the funding of this Chapter 12 Plan. Debtor Corporation's sources of income and assets will include the following:

        1.    Net income from crop farming corn/soybean harvest sales. Debtor Corporation will devote net income from annual fall/winter crop harvest to fund the annual payments due under this plan. Direct payments to the Trustee anticipated and shall be made from net proceeds of crop sales after costs are paid by July 1, 2026 and each July thereafter.

        2.    Debtor Corporation will receive Kooser family contributions periodically from the Non-Debtor owned beef cow herd and trucking business operated by the farm owners. These payments will be used to help pay monthly farm expenses and will be used to supplement the anticipated funds available under subparagraph (B)(1). Trucking payments to the Trustee will be at least $2,000.00 monthly with the beef providing an annual payment in May 2026 and each May thereafter.

        3.    Debtor Corporation in the ordinary course of its business may receive payments from crop insurance and farm assistance from the USDA. These payments will be used for farm expenses and/or to supplement the payments to the Chapter 12 Trustee under paragraph (B)(1) and (B)(2).

  4. Debtor Corporation has no other source of income.

## II. TREATMENT OF CLAIMS

 A. <u>Secured Creditors</u>

  1. Elderton State Bank holds security interests in all assets of the Debtor Corporation including feed, farm equipment and machinery, crops and seed owned by Debtor Corporation. These security interests are evidenced by promissory notes which are also secured by mortgages on real property owned by individuals, Stephen and Debra Kooser. The Elderton security interest is subject to a writedown/cramdown based on the time of petition value of Debtor's assets plus the value of the Non-Debtor real property. The figures are rounded. The notes are listed in order of priority according to subordination agreements between Elderton State Bank and Debtor Corporation as follows:

   (a) Note and mortgage 170018246 dated July 15, 2011, with a payoff on the date of filing of $610,127.86. The allowed Proof of Claim No. 4 shall be modified as follows: $610,127.86 to be re-amortized over 20 years at 7% interest for a monthly payment of $4,730.31 beginning in January 2026. The Chapter 12 Trustee will pay the payment for the duration of the 60 month plan. Payments on this claim will be made as an annual payment of $56,763.72 to be distributed by the Chapter 12 Trustee in July 2026 and each July thereafter.

   (b) Note and mortgage 170020770 dated August 3, 2012, with a payoff on the date of filing of $325,015.97. The allowed Proof of Claim No. 5 shall be modified as follows: $325,015.97 to be re-amortized over 20 years at 7% interest for a monthly payment of $2,518.85 beginning in January 2026. The Chapter 12 Trustee will pay the payment for the duration of the 60 month plan. Payments on this claim will be made as an annual payment of $30,238.20 to be distributed by the Chapter 12 Trustee in July 2026 and each July thereafter.

   (c) Note and mortgage 170027569 dated April 20, 2015, with a payoff on the date of filing of $270,780.11. The allowed Proof of Claim No. 6 shall be modified as follows: $104,223.95/38.5% writedown/cramdown of the claim based on the value of Debtor's assets plus the Non-Debtor real estate. The remaining $166,556.20 to be re-amortized over 20 years at 7% interest for a monthly payment of $1,291.31 beginning in January 2026. The Chapter 12 Trustee will pay the payment for the duration of the 60 month plan.

        Payments on this claim will be made as an annual payment of $15,495.72 to be distributed by the Chapter 12 Trustee in July 2026 and each July thereafter.

    B.    <u>Priority Claims</u>

        There are no priority claims.

    C.    <u>Unsecured Claims</u>

        Debtor Corporation has $138,732.05 in unsecured claims. ($34,508.14 in timely filed unsecured proofs of claim plus the $104,223.91 unsecured portion of Elderton State Bank claim.) Debtor Corporation will pay a total of $5,000/3.5% to unsecured claims over the plan term of its Chapter 12 Plan.

    D.    <u>Leases/Executory Contracts</u>

        Debtor Corporation currently has no leases for labor or equipment. Debtor Corporation enters into yearly leases for rental of vacant farmland to produce crops for sale and farm use. Landlords are paid directly in nominal amounts when leases are agreed. Debtor Corporation will assume all of its yearly farmland leases and will renew each year as needed. A list of the current leases is attached hereto as Exhibit "2."

III.    ADMINISTRATIVE PAYMENTS

    A.    The Chapter 12 Trustee shall be entitled to her fees from all funds distributed through her office, subject to the Chapter 12 Trustee Compensation Administrative Order dated October 28, 2025. For purposes of plan calculation, the Trustee's fee is set at 5%.

    B.    Attorney's fees for Debtor Corporation's attorneys, Calaiaro Valencik, P.C., shall be paid as approved by the Court. The disbursement schedule provided to the Chapter 12 Trustee will allow for estimated attorney's fees. For Plan calculation purposes, attorney's fees are estimated at $14,000.00, with Debtor Corporation having paid $5,000.00 retainer pre-petition held by Calaiaro Valencik, P.C. in escrow. Debtor Corporation's attorneys shall also be reimbursed for case related costs as approved by the Court and are estimated at $1,000.00. Debtor directly paid the $278.00 filing fee prepetition.

IV.    LIQUIDATION TEST

    Debtor Corporation's position is that a liquidation of the estate would result in a 0% dividend to unsecured creditors. Debtor Corporation has $0 equity in assets, including cattle, crops, farm equipment, feed and supplies which are oversecured by the 3 secured

claims of Elderton Bank.

V.    SURRENDERED PROPERTY/PROPERTY TO BE SURRENDERED

Debtor Corporation has surrendered no property and anticipates surrendering no property.

VI.    MISCELLANEOUS

   A.    The amounts set forth to be paid to each and every creditor under the term of this Plan shall be payment in full for all unsecured pre-petition obligations, including tax obligations; and upon completion of this Plan, the Debtor Corporation shall not be legally liable or responsible for any such pre-petition debts which are addressed herein.

   B.    Creditors shall retain, except as modified by the Court for particular creditors, any liens which they have on the Debtor Corporation's property until the Debtor Corporation's obligations to each such creditor are paid in full and terminated pursuant to this Plan.

   C.    Unsecured and priority creditors that have not filed a proof of claim on or before the "bar date" set by the Bankruptcy Court shall not be entitled to any distribution under this Plan, and all obligations to them shall cease upon discharge of the Debtor Corporation upon completion of this Plan.

   D.    The effective date of this Plan shall be the date of the Order confirming the same. Month one of the Plan.

   E.    The title to the Debtor Corporation's property shall remain with the Debtor Corporation.

   F.    Attached hereto as exhibits are:

      1.    PLAN FEASIBILITY WITH 2025 INCOME AND 2026 INCOME PROJECTIONS

      2.    CURRENT PROPERTY LEASES OF DEBTOR

      3.    CLAIMS OF CREDITORS

      4.    DESCRIPTION OF FARMING OPERATIONS/CIRCUMSTANCES WHICH LED TO CHAPTER 12 BANKRUPTCY

Dated: December 31, 2025

| | |
|---|---|
| KOOSER FARMS, LLC<br>BY<br><br>/s/    Stephen R. Kooser<br>President of Kooser Farms, LLC | CALAIARO VALENCIK, P.C.<br>BY<br><br>/s/ Daniel R. White<br>Daniel R. White, Esquire<br>PA I.D. No. 78718<br>8 Nickman Plaza<br>Lemont Furnace, PA 15456<br>Office: 724-719-9388<br>Email: dwhite@c-vlaw.com<br>Attorney for Debtor Corporation |